PER CURIAM.
 

 On May 11, 2004, Siemon,
 
 pro se,
 
 filed in the district court a notice of appeal from an order of the bankruptcy court, entered on April 26, 2004, denying his motion to reinstate a stay of his Chapter 13 bankruptcy proceedings. By order entered December 16, 2004, the district court dismissed Siemon’s appeal for lack of jurisdiction based on its findings that Siem-on had failed to file his notice of appeal in the bankruptcy court within the ten-day time period prescribed by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure. Thereafter, Siemon filed a timely
 
 *169
 
 notice of appeal to this court from the district court’s order of dismissal. Siemon now moves for leave to proceed
 
 in forma pauperis.
 

 While under certain circumstances we may permit an indigent appellant to proceed in hi^l appeal
 
 in forma pauperis,
 
 we must dismiss the appeal if it is frivolous.
 
 See
 
 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous “where it lacks an arguable basis either in law or in fact.”
 
 Neitzke v. Williams,
 
 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Siemon argued in the district court and claims in his
 
 in forma pauperis
 
 petition that the district court should have extended the ten-day period prescribed by Rule 8002(a) upon a showing by Siemon of “excusable neglect.” The district court found that failure to comply with the ten-day time limit deprived it of jurisdiction to hear Siemon’s appeal, and that, absent jurisdiction to act, it could not extend the time limit.
 

 We have not previously determined whether the time limit imposed by Rule 8002(a) is in fact jurisdictional; courts in our circuit, however, regularly treat it as such.
 
 See, e.g., Minhlong Enters., Inc. v. New York Int'l Hostel, Inc. (In re New York Int'l Hostel, Inc.),
 
 194 B.R. 313, 316 (S.D.N.Y.1996);
 
 Sellitti v. R.H. Macy & Co. (In re R.H. Macy & Co.),
 
 173 B.R. 301, 301-02 (S.D.N.Y.1994);
 
 Twins Roller Corp. v. Roxy Roller Rink Joint Venture,
 
 70 B.R. 308, 310 (S.D.N.Y.1987). Other courts of appeals that have addressed the question have also held the ten-day time limit in Rule 8002(a) to be jurisdictional.
 
 See, e.g., In re Universal Minerals Inc.,
 
 755 F.2d 309, 312 (3d Cir.1985);
 
 see also In re LBL Sports Ctr., Inc.,
 
 684 F.2d 410, 412 (6th Cir.1982) (recognizing that time limit in predecessor Rule 8002(a) is jurisdictional);
 
 Robinson v. Robinson (In re Robinson),
 
 640 F.2d 737, 738 (5th Cir.1981) (same);
 
 Ramsey v. Ramsey (In re Ramsey),
 
 612 F.2d 1220, 1222 (9th Cir.1980) (same).
 

 The advisory committee’s note to Rule 8002(a) states that the rule is an “adaptation” of Rule 4(a) of the Federal Rules of Appellate Procedure.
 
 See
 
 Fed. R. Bankr.P. 8002 advisory committee’s note. It is of course well established that the time limit prescribed by Fed.R.App. P. 4(a) is “mandatory and jurisdictional.”
 
 Browder v. Dir., Dep’t of Corr. of Ill.,
 
 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (internal quotation marks omitted). We therefore follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate “excusable neglect.” Because the district court correctly determined that it lacked jurisdiction to entertain Siemon’s appeal, his motion for leave to proceed
 
 in forma pauperis
 
 is denied and his appeal is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)®.
 

 CONCLUSION
 

 For the foregoing reasons, the motion to proceed
 
 in forma pauperis
 
 is Denied and the appeal is Dismissed.