Max CLAIN, Plaintiff–Appellant,

v.

INTERNATIONAL STEEL GROUP,
Defendant–Appellee.

No. 05–1315–CV.

United States Court of Appeals,
Second Circuit.

Dec. 1, 2005.

Max Clain, Flushing, N.Y., for Plaintiff–Appellant, pro se.

Richard Engman, Jones Day, New York, N.Y., for Defendant–Appellee.

PRESENT: OAKES, STRAUB, RAGGI, Circuit Judges.

### *SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is **AFFIRMED**.

Plaintiff–Appellant Max Clain ("Clain") appeals from a judgment of the District Court for the Southern District of New York (Kevin Nathaniel Fox, *Magistrate Judge*)[1] dismissing his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This case arises out of the chapter 11 filing and subsequent liquidation of the Bethlehem Steel Corporation and related corporations (collectively "Bethlehem Steel" or the "Debtor"). Bethlehem Steel

---

**1.** This matter was originally assigned to Hon. Richard M. Berman. On March 30, 2004, Clain consented to have the matter heard by a magistrate judge. The case was then assigned to the Hon. Kevin Nathaniel Fox.

filed a chapter 11 petition in the Bankruptcy Court for the Southern District of New York on October 15, 2001. Clain filed an unliquidated claim in the Bankruptcy Court to which the Debtor objected. Clain filed a response to the Debtor's objection, and on December 23, 2003, the Bankruptcy Court disallowed Clain's claim. Clain did not file a notice of appeal of the Bankruptcy Court's order disallowing his claim.

On April 23, 2003, the Bankruptcy Court approved Bethlehem Steel's request to approve the sale of the majority of its assets to the Defendant–Appellee International Steel Group ("ISG"). The order approving the sale provided, *inter alia*, that "equity security holders ... are forever barred, estopped, and permanently enjoined from asserting against ISG ... such persons' or entities' Interests." On October 22, 2003, the Bankruptcy Court approved the Debtor's chapter 11 plan of liquidation, which cancelled all pre-petition equity interests in the Debtor. The plan of liquidation is binding on all holders of claims and equity interests.

On January 9, 2004, Clain filed a complaint in the Southern District of New York challenging the Bankruptcy Court's order disallowing his claim and the extinguishment of his rights as a former holder of preferred shares in the Bethlehem Steel Corporation. On January 31, 2005, the Magistrate Judge granted ISG's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The Magistrate Judge held that the District Court lacked subject matter jurisdiction because Clain had not filed a timely notice of appeal of either the Bankruptcy Court's order disallowing his claim or the order approving confirmation of the plan of liquidation. The Magistrate Judge also held that Clain failed to state a cause of action because he was enjoined from bringing the action by operation of the order of the

Bankruptcy Court approving the ISG purchase of Bethlehem's assets.

■ A District Court has jurisdiction to hear appeals from a bankruptcy court under 28 U.S.C. § 158(a)(1) only if the appellant files a timely notice of appeal. *In re Siemon*, 421 F.3d 167, 169 (2d Cir.2005) (per curiam) ("[I]n the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect." (internal quotation marks omitted)). The District Court correctly held that it was without jurisdiction to hear the matter due to Clain's failure to file a timely notice of appeal.

■ Although the complaint only states 28 U.S.C. § 158 as the basis for the District Court's jurisdiction, Clain now asserts that 28 U.S.C. §§ 1331–32 provide jurisdiction. Even assuming that jurisdiction was proper, the District Court was correct that the complaint must be dismissed pursuant to Federal Rule Civil Procedure 12(b)(6). "In bankruptcy cases, a court may enjoin a creditor from suing a third party, provided the injunction plays an important part in the debtor's reorganization plan." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 293 (2d Cir.1992). Although these "nondebtor releases" are proper only in rare cases, they have been approved where the estate received substantial consideration. *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 141–42 (2d Cir. 2005). In this case, the sale of Bethlehem's assets was essential to the plan of liquidation. Indeed, the Bankruptcy Court held that the sale was "a prerequisite to the Debtor's ability to confirm and consummate a chapter 11 plan." ISG provided substantial consideration to the estate in the form of, *inter alia*, $736,630,296 in cash. As the nondebtor release played an important role in consummating the Debt-

or's chapter 11 liquidation, it is enforceable against Clain. Accordingly, he is barred from collaterally attacking the adverse Bankruptcy Court's rulings.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.