**Niraj CHATURVEDI, dba Global Gem Traders, Inc., Appellant,**

v.

**Richard E. O'CONNELL, Appellee.**

No. 08–3260–bk.

United States Court of Appeals, Second Circuit.

July 1, 2009.

Krishna M. Vempaty, Forest Hills, N.Y., for Appellant.

Deborah L. Dobbin (Avrum Rosen, on the brief), Huntington, N.Y., for Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. NICHOLAS TSOUCALAS, Judge, Court of International Trade.*

**SUMMARY ORDER**

Appellant Niraj Chaturvedi ("Chaturvedi") appeals from a June 2, 2008

* The Honorable Nicholas Tsoucalas, Senior Judge of the United States Court of International Trade, sitting by designation.

memorandum and order, 2008 WL 2276690, of the district court for the Southern District of New York (Preska, *J.*) denying his appeal of a November 28, 2007 order of Bankruptcy Judge Prudence C. Beatty approving a settlement agreement pursuant to Chapter 7 of the Bankruptcy Code. We assume the parties' familiarity with the underlying facts, procedural history and issues on appeal.

Notwithstanding Chaturvedi's arguments to the contrary, this appeal is foreclosed by *Siemon v. Emigrant Savs. Bank,* 421 F.3d 167 (2d Cir.2005) (per curiam), where we held that Fed. R. Bankr.P. 8002(a) is jurisdictional, even for pro se litigants. *Id.* at 169 (holding that a pro se litigant's failure to comply with the filing deadlines for a notice of appeal set out in Federal Rule of Bankruptcy Procedure 8002 meant that the district court lacked jurisdiction over the litigant's appeal). Chaturvedi now effectively asks us to excuse his late filing on the basis that he was a pro se litigant, he sent a notice of appeal via facsimile to the district court after hours on the last day of the 10–day period in which he was permitted to file an appeal, and he ultimately filed his appeal with the clerk of the court and paid the filing fee the next day. Yet Chaturvedi never filed a motion in district court for an extension of the period in which to file a notice of appeal on the basis of excusable neglect even though he was entitled to do so under Rule 8002(c)(2), and the record indicates that he was represented by counsel within the 20–day period after the expiration of the original notice filing period in which he could have made the extension filing. *See Fed. R. Bankr.P.* 8002(c). As a result, even if our precedent did not bar the district court's review, we would find Chaturvedi's late filing was not excused.

For the foregoing reasons, the district court's decision is AFFIRMED.