09-1500-bk (L), 09-1501-bk (con)
*In re Mohamed Ismail Elmasri*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand and ten.

PRESENT:
            DEBRA ANN LIVINGSTON,
            GERARD E. LYNCH,
                        *Circuit Judges.*[*]

_____

IN RE MOHAMED ISMAIL ELMASRI:

MOHAMED ISMAIL ELMASRI, also known
as Mohamed Elmasri,

            *Appellant*,

            v.                                                          09-1500-bk (L),
                                                                        09-1501-bk (con)

COLEEN RUPP and DONNA ENGLAND,

            *Appellees*,

KENNETH R. BARNARD and DIANA G. ADAMS,

            *Trustees*.

_____

[*] The Honorable Rosemary S. Pooler, originally a member of this panel, did not participate in the consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 2d Cir. Internal Operating Procedure E(b); 28 U.S.C. § 46(d); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

FOR APPELLANT:                      MOHAMED ISMAIL ELMASRI, *pro se*, Patchogue, NY

FOR APPELLEE RUPP:                  HEATH S. BERGER, Steinberg, Fineo, Berger & Fischoff, PC, Woodbury, NY

FOR APPELLEE ENGLAND:               JEFFREY HERZBERG, Zinker & Herzberg, LLP, Smithtown, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) affirming two orders of the United States Bankruptcy Court for the Eastern District of New York (Rosenthal and Feller, *JJ.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**. Appellant's motion to strike portions of the Appellees' briefs and appendices is **DENIED** as moot.

Appellant Mohamed Ismail Elmasri, proceeding *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) entered on March 31, 2009 affirming two orders of the United States Bankruptcy Court for the Eastern District of New York entered May 24, 2007 and April 28, 2008. We assume the parties' familiarity with the facts, procedural history, and issues on appeal in this dispute over $50,000 that Appellant claimed as exempt property under the homestead exemption, and against which Appellees seek to recover for liens securing child support judgments.

We first consider our jurisdiction to hear this appeal and that of the district court in reviewing the May 24, 2007 bankruptcy court order. Appellees argue that, because Appellant voluntarily withdrew his appeal to the district court of the May 24, 2007 bankruptcy court order and later moved to reopen that appeal without filing a new, timely, notice of appeal, the district court was without

2

jurisdiction to reopen the appeal and consider its merits, and this Court is without jurisdiction to review that order. The record reflects that Appellant moved to withdraw his appeal of the May 24, 2007 order while "preserv[ing] his right in the future to reopen this appeal or to combine the appeal with future appeals if . . . needed." England App. 14. The district court granted the motion, dismissing the appeal "without prejudice" and directing the clerk to "mark this matter closed." *Id.* 15. The bankruptcy court, in a bench ruling on March 20, 2008, determined that the May 24, 2007 order would govern the parties' motions as law of the case. Appellant then filed a request to "reopen and reinstate" the appeal on April 7, 2008. *Id.* 22. Judge Feller's bench ruling was memorialized in a published order on April 28, 2008. The district court granted the request, clarifying that "this Bankruptcy Appeal is placed back on the docket." *Id.* 27.

We review a district court's determination of its subject matter jurisdiction *de novo* for legal conclusions and for clear error for factual findings. *In re Vogel Van & Storage, Inc.*, 59 F.3d 9, 11 (2d Cir. 1995). Federal Rule of Bankruptcy Procedure 8002(a) provides that a notice of appeal "shall be filed with the clerk [of the district court] within 14 days of the date of the entry of the judgment, order, or decree appealed from." We have held that this time limit is jurisdictional, even for *pro se* litigants. *See In re Siemon*, 421 F.3d 167 (2d Cir. 2005) (per curiam). Notwithstanding this jurisdictional bar, however, we have construed a withdrawn and reinstated appeal as a single appeal obviating the need for a new notice of appeal in a situation, where it was clear from the circumstances that the appellant's decision to "withdraw" a direct appeal was not a decision to abandon it but rather to hold the appeal in abeyance pending further proceedings in the lower court, with the intent to reinstate the appeal after those proceedings. *See United States v. Outen*, 286 F.3d 622, 631-32 (2d Cir. 2002) (construing a stipulation of a "withdrawal" of a direct appeal pending a motion in the district court pursuant to 28 U.S.C. § 2255 as a motion to hold the direct appeal in

3

abeyance). Likewise here, the district court granted Appellant's motion to withdraw his first appeal "without prejudice," and subsequently granted Appellant's motion to "reopen and reinstate" the same appeal. Moreover, in its review of the April 28, 2008 order, the district court necessarily had jurisdiction to review the substance of the May 24, 2007 order, which the April order applied as law of the case. *See Johnson v. Holder*, 564 F.3d 95, 99-100 (2d Cir. 2009) (court may depart from law of the case for "cogent or compelling reasons" such as "the need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted)). We also have jurisdiction to review the entirety of the district court's decision. *See* Fed R. App. P. 4(a), 6(a).

Turning to the merits, we "independently review the factual determinations and legal conclusions of the bankruptcy court, accepting the bankruptcy court's factual findings unless they are clearly erroneous, and reviewing its conclusions of law *de novo*." *In re Jackson*, 593 F.3d 171, 176 (2d Cir. 2010) (internal quotation marks omitted). As in effect at the time Appellant filed his bankruptcy petition, 11 U.S.C. § 522(c) provided:

> (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case, except - -
>
> > (1) a debt of a kind specified in paragraph section 523(a)(1) or 523(a)(5) of this title; [or]
> >
> > (2) a debt secured by a lien that is - -
> >
> > > (A)    (i) not avoided under subsection (f) or (g) of [§ 522] or under section 544, 545, 547, 548, 549, or 724(a) of this title; and
> > >
> > >         (ii) not void under section 506(d) of this title.

Section 522(f)(1)(A)(i) prohibited the avoidance of a judicial lien "that secures a debt . . . to a spouse, former spouse, or child of the debtor for . . . support of such spouse or child, in connection

4

with a separation agreement, [or] divorce decree." 11 U.S.C. § 522(f)(1)(A)(i) (2000).

Accordingly, because liens securing child support judgments could not be avoided under § 522(f), and because Appellees' liens were not avoided or voided in this case, Appellant's property was not exempt from Appellees' liens. Thus, the bankruptcy court properly ordered that such liens must be paid before the homestead monies would be released to Appellant and, after Appellees demonstrated to the bankruptcy court that they had properly perfected their judgment liens, the court properly ordered the Trustee to release the funds to Appellees.

Appellant's argument that his settlement stipulation with Rupp and England prevents them from asserting any entitlement to the exempt property fails. The stipulation explicitly provides that "[n]othing contained in this stipulation shall be deemed to affect or impair the ex-Wife's or the Guardian's claims and rights against third parties or the Debtor." Rupp App. 40. In addition, Appellant's argument that he was denied due process by the district court's *ex parte* hearing on Appellees' motion for a temporary restraining order preventing the Trustee from releasing property to the Appellant is unavailing, as the order imposing the temporary restraining order is not the subject of this appeal.

We have carefully considered Appellant's remaining arguments on appeal, and find them to be without merit for substantially the same reasons as those articulated by the district court in its thorough memorandum and order in this case. *See In re Mohamed Ismail Elmasri*, 07-CV-2816, 09-CV-2709 (E.D.N.Y. Mar. 31, 2009). Accordingly, the judgment of the district court is **AFFIRMED**. On February 25, 2010, Appellant moved to strike portions of the Appellees' briefs and appendices. That motion is hereby **DENIED** as moot.

5

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk