11-0055-bk
Nisselson v. Empyrean Investment Fund

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of January, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges*.[*]

—————————————————

IN THE MATTER OF:  MARKETXT HOLDINGS CORPORATION, AKA TCORP TECHNOLOGIES, LLC, AKA TRADESCAPE CORPORATION, AKA TRADESCAPE.COM INCORPORATED,

> *Debtor*

—————————

ALAN NISSELSON, AS CHAPTER 11 TRUSTEE
PLAN COMMITTEE, FOR THE SUBSTANTIVELY CONSOLIDATED ESTATE OF MARKETXT HOLDINGS CORP., MKXT, LLC, MARKETXT, INC. AND EPOCH INVESTMENTS, LP

> *Plaintiffs-Appellees*,

—————————————————

[*] The Honorable Alvin K. Hellerstein, United States District Court for the Southern District of New York, sitting by designation, took no part in the consideration of this matter. The two remaining members of the panel, who are in agreement, have determined this matter. *See* 28 U.S.C. § 46(d); 2d Cir. Internal Operating Procedure E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

1

v.                                            11-0055-bk

EMPYREAN INVESTMENT FUND, L.P.,
ASH MASTER FUND, II. LLC,
ASH MASTER FUND II, L.P.,
ASH FUND, LP, FKA EMPYREAN FUND, LP,
ASH GENERAL PARTNER, LLC,
ASH OFFSHORE FUND LIMITED,
ASH GENERAL PARTNER OFFSHORE, LIMITED,
RAUF ASHRAF,
EMPYREAN GENERAL PARTNER,
ASH MASTER FUND II, LLC,
ASH FUND II LPD,
ASH CAPITAL, LLC, FKA ASH CAPITAL MANAGEMENT,
                                    *Defendants-Appellants.*
_____

FOR APPELLEE:                          LESTER KIRSHENBAUM, Kaye Scholer, LLP, New
                                       York, New York (for Plaintiff-Appellee Plan
                                       Committee) and HOWARD L. SIMON, Windels Marx
                                       Lane & Mittendorf, LLP, New York, New York
                                       (for Plaintiff-Appellee Responsible Officer).

FOR DEFENDANT-APPELLANT:               GARY G. PELLETIER, Pelletier Clarke & Caley,
                                       Newport, Rhode Island.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Hellerstein, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Rauf Ashraf, on his own behalf and on behalf of ten companies that he owns or controls,

(collectively "the Ashraf Defendants") appeals from the district court's dismissal of the Ashraf

Defendants' appeal of a bankruptcy court judgment and from that court's subsequent decision to

deny reconsideration. The district court dismissed the appeal for failure to prosecute after

granting numerous extensions of time to file, the last of which warned the parties that "no further

extensions would be granted." We review for abuse of discretion both a district court's dismissal

of a bankruptcy appeal for failure to prosecute, *Balaber-Strauss v. Reichard* (*in re Tampa Chain*

2

*Co., Inc.*), 835 F.2d 54, 55 (2d Cir. 1987) (per curiam), as well as a district court's denial of a motion for reconsideration, *Harris v. Kuhlmann*, 346 F.3d 330, 357 (2d Cir. 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Although the Ashraf Defendants attempted to appeal three decisions, Judge Hellerstein properly found that two were not appealable. As to the third, known as the STARS Transaction Appeal, it is clear from the record before us that the district court did not abuse its discretion. The Ashraf Defendants missed their first deadline for filing a brief, asserting that their attorney (a certain John Prince, who Defendants claim runs a company called Best Legal Writing and is a member of the Pennsylvania Bar had suffered a heart attack. The district court granted a thirty-day extension. When Mr. Ashraf attempted to submit a pro se brief, the court informed him that individuals may not represent corporate entities, but the court granted a second thirty-day extension, ordering Ashraf to obtain counsel admitted to practice in New York and to have counsel appear and show cause why the appeal should not be dismissed for failure to prosecute. After Defendants missed this deadline and explained that their Pennsylvania attorney had suffered a second heart attack, Judge Hellerstein then granted a final thirty-day extension, explicitly precluding further extensions. The court's refusal to grant a fourth extension was not an abuse of discretion.

The court's denial of Appellants' motion to reconsider was not an abuse of discretion, either. Appellants did ultimately retain counsel. Three days after the final deadline to file a brief, and after the case had been dismissed with prejudice, Attorney Gary Pelletier filed a notice of appearance. The next day, he filed a motion seeking time to review, update, and submit the brief Ashraf had attempted to submit pro se. However, Pelletier's brief in support of the motion failed to show cause as to why the Defendants missed the last of the three deadlines. The motion

3

stated only, "Mr. Ashraf lost contact with Mr. Prince following the latter's illness and Mr. Ashraf endeavored to find new counsel to represent him in this matter. Mr. Ashraf just retained undersigned counsel." The district court's decision to close the case was squarely "located within the range of permissible decisions." *See Schwartz v. Geltzer* (*In re Smith*), 507 F.3d 64, 73 (2d Cir. 2007) (citations omitted).

Finally, there is no merit to Ashraf's argument that, regardless of the grounds for dismissing the corporate defendants, the district court violated his right to self-representation by dismissing what he asserts was his individual appeal. The district court correctly held that one decision only was properly before it for review: the bankruptcy court's entry of judgment on the STARS Transaction. Ashraf was not a party to that judgment and thus had no right of self-representation for the court to violate. To the extent that Ashraf attempts to use the present appeal to challenge the decisions to which he *was* a party, i.e. the January 2006 contempt order and the Collar Transaction judgment, both decisions had already been appealed to the district court and resolved prior to the dismissal giving rise to the instant appeal. [*See* SA 12; 108; 124-127; 173-77; 182-85; *see also Nisselson v. Empyrean Inv. Fund, L.P.* (*In re MarketXT Holdings Corp.*), No. 06-cv-6695, 2007 WL 1040422, at *4 (S.D.N.Y. Apr. 3, 2007)]. If Ashraf wanted to challenge further those earlier decisions, he should have filed an appeal to this court. Having foregone that opportunity, the district court's decisions on the contempt order and the Collar Transaction became res judicata for the bankruptcy proceedings. *See Travelers Indem. Co. v. Bailey*, 129 S. Ct. 2195, 2206 (2009). Ashraf cannot now collaterally attack the district court's decision by renewing his objections in a subsequent appeal. *Cf. id.*

In any event, Ashraf's attempt to appeal those decisions via the present action was untimely. *See* Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk

4

within 14 days of the date of the entry of the judgment, order, or decree appealed from.").  A failure to file a notice of appeal within the time specified by Rule 8002 is an absolute jurisdictional bar to appeal.  *Siemon v. Emigrant Sav. Bank* (*In re Siemon*), 421 F.3d 167, 169 (2d Cir. 2005).  "[I]n the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect."  *Id*. (quotation marks omitted).

The judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5