In re Everton Aloysius Sterling (Sterling v. Carlebach)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand seventeen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          SUSAN L. CARNEY,
                              *Circuit Judges*.

---

IN RE EVERTON ALOYSIUS STERLING,

                              *Debtor.*

---

EVERTON ALOYSIUS STERLING,

                              *Debtor-Appellant*,

          v.                                        No. 16-1120-bk

DAVID CARLEBACH,

                              *Appellee*.

---

FOR APPELLANT:               Everton Aloysius Sterling, *pro se*, Bronx, New York.

FOR APPELLEE:                No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that that the order entered on March 30, 2016, is AFFIRMED.

Everton Aloysius Sterling, *pro se*, appeals from the dismissal of his bankruptcy appeal for lack of subject matter jurisdiction. On plenary review of a decision of a district court functioning as an intermediate appellate court in a bankruptcy case, we assess legal conclusions, including a determination of subject matter jurisdiction, *de novo*, while we consider factual findings only for clear error. *See In re Lehman Bros. Holdings Inc.*, 761 F.3d 303, 308 (2d Cir. 2014); *Bechtel v. Competitive Techs., Inc.*, 448 F.3d 469, 471 (2d Cir. 2006). In so doing, we assume the parties' familiarity with the facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

An appeal to the district court from an order of the bankruptcy court must be made within 14 days. *See* Fed. R. Bankr. P. 8002(a)(1); *see also* 28 U.S.C. § 158(c)(2) (providing that bankruptcy appeal must be filed within time prescribed by Fed. R. Bankr. P. 8002). The time limitations in Fed. R. Bankr. P. 8002(a) are jurisdictional, regardless of a party's *pro se* status. *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005). Thus, "in the absence of a timely notice of appeal in the district court, [a] district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" *Id.*

We conclude that the district court properly dismissed Sterling's bankruptcy appeal for lack of subject matter jurisdiction because his notice of appeal was filed on January 13,

2

2016—more than 14 days after the entry of the bankruptcy court's December 22, 2015 order.  Sterling's argument that he was away when the bankruptcy court entered its decision and, therefore, actually had fewer than 14 days to file his appeal is foreclosed by *In re Siemon*, 421 F.3d at 169.   Moreover, Sterling does not meet any of the exceptions to the 14-day deadline enumerated in Fed. R. Bankr. P. 8002.[1]

We have considered Sterling's remaining arguments and conclude that they are without merit.   Accordingly, we AFFIRM the March 30, 2016 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1]  Insofar as Sterling did, in fact, file a Fed. R. Bankr. P. 7052 motion, that motion did not toll the time limit for appeal because it was itself untimely, having been filed 16 days after the entry of the bankruptcy court's order.   *See* Fed. R. Bankr. P. 7052 (mandating 14-day deadline for filing motion under rule).

3