**LOCAL UNION NO. 38, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, AFL–CIO, Plaintiff–Appellee,**

v.

**CUSTOM AIR SYSTEMS, INC., Defendant–Appellant.**

**Docket No. 03–7105.**

United States Court of Appeals, Second Circuit.

Argued:  June 10, 2003.

Decided:  June 24, 2003.

Lance H. Klein, Keane & Beane, P.C., White Plains, N.Y. (Eric L. Gordon, of counsel), for Defendant–Appellant.

Jeffrey S. Dubin, Huntington, NY, for Plaintiff–Appellee.

Before: MINER and CABRANES, Circuit Judges, and DRONEY, District Judge.*

MINER, Circuit Judge.

Plaintiff-appellee Local Union No. 38, Sheet Metal Workers' Association, AFL–CIO ("Local 38") moves to dismiss an appeal filed by defendant-appellant Custom Air Systems, Inc. ("Custom Air") from a summary judgment entered in the United States District Court for the Southern District of New York (Brieant, *J.*). The judgment confirmed an arbitration award against Custom Air and against defendant Quality Air Systems, Inc, in favor of Local 38, and was entered on November 27, 2002. On the same date, Custom Air filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. On January 27, 2003, Custom Air filed its notice of appeal from the District Court's November 27, 2002 judgment. In April 2003, Local 38 moved to dismiss Custom Air's appeal as untimely, contending that: (1) the Bankruptcy Code,

11U.S.C. § 108(b), did not extend the thirty-day deadline for filing notices of appeal contained in Federal Rule of Appellate Procedure 4(a); (2) even if § 108(b) extends the deadline provided for in Rule 4(a), Custom Air could not take advantage of the protection afforded by § 108(b) because the statute provides protection for trustees as opposed to debtors in possession; and (3) the Rules Enabling Act, 28 U.S.C. § 2072, provides that Rule 4(a) trumps § 108(b). For the reasons set forth below, we find that all of these arguments lack merit and deny the motion to dismiss the appeal.

## DISCUSSION

■ Section 108(b) provides, in relevant part, that:

> if applicable nonbankruptcy law [or] an order entered in a nonbankruptcy proceeding ... fixes a period within which the debtor ... may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 60 days after the order of relief.

11 U.S.C. § 108(b). Rule 4(a) provides that an appeal in a civil case in which the Government is not a party must be filed within thirty days "after the judgment or order appealed from is entered." Fed. R.App. P. 4(a)(1)(A). The parties do not dispute that Custom Air's notice of appeal was filed beyond the thirty-day deadline

---

* The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

provided for in Rule 4(a) but within the sixty-day period provided for in § 108(b).[1] The first issue joined, therefore, is whether § 108(b) should be read to include the filing of a notice of appeal.

Although this issue (as well as the other two issues raised in this motion) is one of first impression in our Circuit, it (as well as the other two issues) was resolved by one of our sister Circuits. In *Autoskill, Inc. v. National Educational Support Systems, Inc.*, 994 F.2d 1476, 1482–83 (10th Cir.1993), the Tenth Circuit declined to dismiss an interlocutory appeal taken from a preliminary injunction in a copyright infringement action where the defendant filed for Chapter 11 protection six days after the injunction was granted and did not file a notice of appeal until sixty days after the Chapter 11 filing. Thus, the appellant in *Autoskill*, like Custom Air, had filed the notice of appeal within the time limit provided for in § 108(b) but not within the period provided for in Rule 4(a).

Relying on the legislative history of § 108(b), the *Autoskill* court found that, "[i]n general terms," the statute "embodies a longstanding provision in the bankruptcy statutes that 'permit the trustee, when he steps into the shoes of the debtor, an extension of time for filing an action or doing some other act that is required to preserve the debtor's rights.'" *Id.* at 1483 (quoting H.R.Rep. No. 95–595, at 318 (1977), *reprinted in*, 1978 U.S.C.C.A.N. 5963, 6275). The court then proceeded carefully to examine the text of § 108(b), observing, first, that the thirty-day time period set forth in Rule 4(a) for filing a notice of appeal was a "'period' established under 'applicable nonbankruptcy law,'" and, second, that the statute's "sweeping" reference to the "fil[ing]" of

"any pleading, demand, [or] notice ...," "includes the filing of a notice of appeal." *Id.* at 1484 (internal quotation marks omitted). Moreover, the court continued, even though § 108(b) did not "specifically refer to notices of appeal, [it] includ[ed] a broad catchall extending the time in which a debtor or trustee may perform any other similar act in addition to the steps listed." *Id.* (internal quotation marks and emphasis omitted). According to the court, "[f]iling a notice of appeal is at least a 'similar act' with respect to two of the actions specified, filing a 'pleading' or a 'notice.'" *Id.* Consequently, the court held that § 108 will permit the filing of a notice of appeal for up to sixty days following the order of relief, so long as "the 30–day time period of Rule 4(a) has not expired when the bankruptcy petition is filed." *Id.*

We agree with the reasons articulated by the Tenth Circuit for interpreting § 108(b) as applying to the filing of a notice of appeal. Accordingly, we hold that a notice of appeal is timely filed if (1) the thirty-day time limit specified in Rule 4(a) has not expired before the filing of a bankruptcy petition, and (2) the notice of appeal is filed no later than sixty days after the order of relief.

Local 38 argues that, even if we find that § 108(b) extends the deadline for filing a notice of appeal, Custom Air's appeal nevertheless should be dismissed because § 108(b) extends the deadline only for bankruptcy trustees and not for debtors in possession, such as Custom Air. This argument was also addressed and rejected by the Tenth Circuit in *Autoskill*, which held that § 108(b) also applied to the bankrupt appellant, a debtor in possession. *See id.* at 1484 n. 4 (citing *Martinson v.*

---

**1.** The notice of appeal was actually filed sixty-one days after the bankruptcy petition was filed, but because the sixtieth day fell on a Sunday, the time for filing the notice of appeal was extended to the next day. *See* Fed. R.App. P. 26(a)(3).

*First Nat'l Bank (In re Martinson),* 731 F.2d 543, 544 n. 2 (8th Cir.1984); *Econo–Therm Energy Sys. Corp. v. Prudential Ins. Co. of Am. (In re Econo–Therm Energy Sys.),* 80 B.R. 137, 139 n. 6 (Bankr. D.Minn.1987)). Indeed, this conclusion is supported by the text of the Bankruptcy Code. *See* 11 U.S.C. § 1107(a) (extending, subject to exceptions not applicable here, rights of trustees to debtors in possession). It is supported by the legislative history of § 108(b) as well. *See* H.R.Rep. No. 95–595, at 318, *reprinted in* 1978 U.S.C.C.A.N. at 6275 (Section 108(b) was designed to "permit the trustee, when he steps into the shoes of the debtor, an extension of time for filing an action or doing some other act that is required to preserve the debtor's rights."). We can think of no policy justification for affording the protections of § 108(b) to a trustee in a Chapter 7 or a Chapter 13 bankruptcy proceeding but not to a debtor in possession in a Chapter 11 bankruptcy proceeding, where the debtor in possession essentially functions as the trustee.

■ Finally, Local 38 argues that we should not rely on § 108(b) to extend the thirty-day deadline in Rule 4(a) because the Rules Enabling Act provides that "[a]ll laws in conflict" with federal rules promulgated pursuant to that Act "shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). But this argument too was raised and properly rejected in *Autoskill.* In particular, the Tenth Circuit first observed that the Act generally has been "viewed as applying so as to abrogate conflicting statutes enacted *before* the rules." 994 F.2d at 1485 (emphasis added) (citing *Penfield Co. v. SEC,* 330 U.S. 585, 589 n. 5, 67 S.Ct. 918, 91 L.Ed. 1117 (1947)); 4 Charles A.

Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1030 & n. 2, at 125 (2d ed. 1987) ("Statutes enacted *prior to* the rules that are inconsistent with them are superseded." (emphasis added)). A statute enacted subsequently to a rule promulgated under the Act, however, trumps the rule. *Id.* (citing 2 James N. Moore & Jo D. Lucas, *Moore's Federal Practice,* ¶ 1.02[5], at 1–10 (2d ed. 1992)) ("A clearly inconsistent statute enacted subsequent to the Rules' effectiveness would ... supersede or modify any conflicting Rule.") As the Tenth Circuit next observed, Rule 4(a)—and its thirty-day deadline—originally became effective on July 1, 1968,[2] while § 108 was approved on November 6, 1978, and became effective on October 1, 1979. *Id.* at 1485 & n. 9. Accordingly, the Act does not require that the later-enacted § 108(b) yield to the earlier-enacted Rule 4(a).

## CONCLUSION

For the foregoing reasons, the motion to dismiss the appeal is denied. Custom Air's application for the payment by Local 38 of its costs and attorneys' fees is also denied. It is so ordered.

■

---

2. To be sure, there were minor revisions to Rule 4(a) subsequent to the enactment of § 108(b), but as the Tenth Circuit explained, those changes were not substantive and thus do not affect our analysis. *See* 994 F.2d at 1485 n. 8.