In re: **BETHLEHEM STEEL CORPORATION**, Debtor,

**Bethlehem Steel Corporation, Debtor–Appellee,**

v.

**Charles Ulysses Smith, Creditor–Appellant.**

**Docket No. 04–6578–BK.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2005.

Charles Ulysses Smith, Baltimore, MD, for Appellant, pro se.

John Kibler, King & Spaulding, New York, NY, for Appellee.

Present: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, District Judge.*

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

JUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED in part, and the appeal is DISMISSED in part.

Charles Ulysses Smith appeals the district court's dismissal of his appeal from a bankruptcy court order as well as the district court's denial of two motions for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues.

The district court dismissed Smith's appeal in an order entered September 13, 2004. On September 27, 2004, Smith filed a motion for reconsideration. His motion was denied by order entered September 28, 2004, and Smith filed a second motion for reconsideration, reargument, and administrative costs, which was denied on October 25, 2004. On November 8, 2004, Smith filed a notice of appeal.

We lack jurisdiction to consider the district court's dismissal of Smith's appeal because Smith did not file his appeal within thirty days of entry of the district court's denial of reconsideration. *See* Fed. R.App. P. 4(a)(1)(A) (stating that a notice of appeal must be filed within thirty days of entry of judgment), 4(a)(4) (tolling time period for filing an appeal when certain motions are timely filed); *see also Glinka v. Maytag Corp.,* 90 F.3d 72, 74 (2d Cir. 1996) (holding that a second motion does not further toll the time for filing a notice of appeal).

The district court's denial of Smith's first and second motions to reconsider was not an abuse of discretion,[1] *see Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998) because Smith did not provide a basis justifying reconsideration, *see* Fed.R.Civ.P. 60(b).

We therefore affirm the district court's orders denying reconsideration and dismiss the appeal insofar as it concerns the district court's dismissal of Smith's appeal.

---

1. We assume, without deciding, that we have jurisdiction to consider the order denying the first motion. *See Eleby v. American Med. Sys., Inc.,* 795 F.2d 411, 412 (5th Cir.1986).