*12-3901-cv*
*Tze Wung Consultants, Ltd. v. Bank of Baroda*

United States Court of Appeals
**FOR THE SECOND CIRCUIT**

August Term 2012

(Decided: April 10, 2014)

No. 12-3901-cv

_____

IN RE: INDU CRAFT, INC.,

*Debtor.*

TZE WUNG CONSULTANTS, LTD.,

*Appellant*,

-v-

BANK OF BARODA,

*Appellee.*

_____

Before: HALL, LIVINGSTON, and DRONEY, *Circuit Judges*.

Tze Wung Consultants, Ltd. ("Tze Wung Consultants") appeals from orders of the United States District Court for the Southern District of New York (Furman, *J.*), denying a motion for reconsideration and affirming the judgment of

1

the United States Bankruptcy Court for the Southern District of New York. The bankruptcy court denied relief to Tze Wung Consultants and related Appellants Trendi Sportswear, Inc. and Indu Craft, Inc. from debtor Indu Craft, Inc.'s reorganization plan confirmed in 1999. The district court entered its judgment affirming the judgments of the bankruptcy court on July 31, 2012. Tze Wung Consultants filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) on August 23, 2012, and the district court denied the motion for reconsideration on August 27, 2012. Tze Wung Consultants thereafter appealed to this Court on September 20, 2012. A panel of this Court instructed Appellant Tze Wung Consultants and Appellee Bank of Baroda to address whether this Court has jurisdiction over Tze Wung Consultants' untimely appeal from the district court in a bankruptcy matter, which exceeded the 30-day time limit prescribed by Federal Rules of Appellate Procedure 4(a)(1) and 6(b)(1) (incorporating Rule 4(a)(1)). We conclude that, in bankruptcy matters, the 30-day time limit incorporated through Rule 6(b)(1) is a nonjurisdictional claim-processing rule under which an untimely appeal can proceed to the merits if the other party does not object. Because Bank of Baroda did not object to Tze Wung

Consultants' untimely appeal to this Court, Bank of Baroda forfeited that objection, and we therefore permit Tze Wung Consultants' appeal to proceed to the merits.

JOEL LEWITTES, Law Office of Joel Lewittes, Esq., New York, NY, *for Appellant Tze Wung Consultants, Ltd.*

WILLIAM J. HANLON, Seyfarth Shaw LLP, Boston, MA, *for Appellee Bank of Baroda.*

DEBRA ANN LIVINGSTON, *Circuit Judge*:

This case clarifies the effect of an untimely – but unobjected-to – notice of appeal in a bankruptcy matter under Federal Rule of Appellate Procedure 6(b).

In 2007, Appellant Tze Wung Consultants, Ltd. ("Tze Wung Consultants") and related Appellants Trendi Sportswear, Inc. and Indu Craft, Inc. (collectively, "Appellants") moved the United States Bankruptcy Court for the Southern District of New York (Drain, *J.*) to eliminate or suspend discharge under the bankruptcy plan of a judgment by Trendi Sportswear, Inc. ("Trendi Sportswear") against debtor Indu Craft, Inc. ("Indu Craft") in the amount of $21,101,348.47.

3

The bankruptcy court denied Appellants' motions, and Appellants moved for reconsideration pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024. In 2011, the bankruptcy court denied the motions for reconsideration. Thereafter, Appellants appealed to the United States District Court for the Southern District of New York (Furman, *J.*), and on July 31, 2012, the district court affirmed the bankruptcy court's 2007 and 2011 orders. Tze Wung Consultants filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e) on August 23, 2012, which the district court denied on August 27, 2012.

Tze Wung Consultants appealed the district court's judgment to this Court on September 20, 2012, 51 days after the district court entered its judgment and past the 30-day time limit that is prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A) and incorporated into bankruptcy appeals through Rule 6(b)(1). (Meanwhile, Appellants Trendi Sportswear and Indu Craft filed appeals on August 30, 2012. *See* Nos. 12-3515-cv, 12-3618-cv.) In December 2012, Appellee Bank of Baroda moved to consolidate the three separate appeals, but Bank of Baroda made no mention of the fact that Tze Wung Consultants' appeal

4

was untimely. A panel of this Court ordered the appeals to be heard in tandem and *sua sponte* directed Tze Wung Consultants and Bank of Baroda to file letter briefs addressing whether this Court has jurisdiction over Tze Wung Consultants' untimely appeal. We conclude that the 30-day time limit governing appeals from a district court's judgment as an intermediate appellate body in a bankruptcy case (and made applicable here by virtue of Federal Rule of Appellate Procedure 6(b)(1)) is a nonjurisdictional claim-processing rule, so that untimely appeals can proceed to the merits if the opposing party fails properly to object. Because Bank of Baroda waived its objection to Tze Wung Consultants' untimely appeal by failing to make such an objection, we act within our jurisdiction in allowing Tze Wung Consultants' appeal to proceed along with that of the other Appellants in this matter.

## BACKGROUND

The history between the parties to this case is long and complicated. The question before this panel relates solely to the timeliness of one Appellant's appeal to this Court; we therefore limit our review of the facts of the case to those

5

relevant to the instant appeal, as set forth by the district court. Further background on the parties and ongoing litigation can be found in the following related cases: *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428 (2d Cir. 2000), *vacating in part* No. 89 Civ. 5996, 1998 WL 614189 (S.D.N.Y. Sept. 14, 1998); *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490 (2d Cir. 1995); *Bank of India v. Trendi Sportswear, Inc.*, No. 89 Civ. 5996, 2002 WL 1836754 (S.D.N.Y. Aug. 12, 2002); *Bank of India v. Trendi Sportswear, Inc.*, No. 89 Civ. 5996, 2002 WL 84631 (S.D.N.Y. Jan. 18, 2002), *aff'd*, 64 F. App'x 827, 830 (2d Cir. 2003) (summary order); and *Indu Craft, Inc. v. Bank of Baroda*, No. 87 Civ. 7379, 1991 WL 107438 (S.D.N.Y. June 11, 1991).

In 1983, Bank of Baroda extended a $500,000 line of credit to Indu Craft to allow Indu Craft to finance its business of importing women's clothing from Asia for sale in the United States; this line of credit increased through December 1986 to $2.7 million. After a business dispute in 1987, however, Bank of Baroda reduced Indu Craft's credit limit and refused to issue letters of credit, which resulted in delayed shipment of goods and a full stop of production by certain

suppliers.  Indu Craft ceased importing in November 1987.  Indu Craft thereafter sued Bank of Baroda and obtained a judgment of $2,519,822.29 in 1992.

Meanwhile, in 1989, Indu Craft's affiliate Trendi Sportswear[1] was sued by the Bank of India for defaulting on a promissory note.  Trendi Sportswear filed a third-party action against Indu Craft, alleging that Indu Craft's failure to supply goods caused the default.  In turn, Indu Craft brought a fourth-party action against Bank of Baroda.  In 1991, summary judgment in an amount of over $2.2 million, with interest, was awarded to the Bank of India.

In 1997, Indu Craft filed a petition for bankruptcy under Chapter 11.  Trendi Sportswear filed a claim for damages relating to its third-party action.  In March 1999, Indu Craft's Plan of Reorganization was confirmed by the bankruptcy court; under the Plan, Indu Craft consented to the entry of judgment against it in Trendi Sportswear's third-party action.  The bankruptcy court later entered that judgment in the amount of $21,101,348.47.  Indu Craft thereafter unsuccessfully pursued its fourth-party action against Bank of Baroda to

---

[1] Indu Craft and Trendi Sportswear were both owned by the same individual owner prior to 1992.

indemnify it in the amount of the judgment.  *See Bank of India v. Trendi Sportswear, Inc.*, 2002 WL 84631, at *9.

In March 2007, Appellants moved the bankruptcy court for an order eliminating or temporarily suspending the bankruptcy plan's discharge of the Trendi Sportswear judgment in an effort to renew the pursuit of Indu Craft's fourth-party indemnification claim against the Bank of Baroda.  The bankruptcy court (Drain, *J.*) denied Appellants' motions in August 2007.  Trendi Sportswear timely moved for reconsideration pursuant to Federal Rule of Bankruptcy Procedure 9023.[2]  In 2011, Tze Wung Consultants – which is now Indu Craft's sole shareholder – filed a motion under Bankruptcy Rule 9024.[3]  The bankruptcy

---

[2] Federal Rule of Bankruptcy Procedure 9023 states: "[e]xcept as provided in this rule and Rule 3008, Rule 59 [of the Federal Rules of Civil Procedure] applies in cases under the Code.  A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."

[3] Federal Rule of Bankruptcy Procedure 9024 provides:

> Rule 60  [of the Federal Rules of Civil Procedure] applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

8

court denied both motions in July 2011. Appellants timely appealed from the bankruptcy court's 2007 and 2011 orders. *See In re Indu Craft Inc.*, Nos. 11 Civ. 5996, 11 Civ. 6303, 11 Civ. 6304, 2012 WL 3070387, at *7 n.5 (S.D.N.Y. July 27, 2012).

The district court (Furman, *J.*) affirmed the orders of the bankruptcy court on July 27, 2012, and entered judgment on July 31, 2012. Trendi Sportswear and Indu Craft each appealed the district court's order to this Court on August 30, 2012. Meanwhile, Tze Wung Consultants filed a motion for reconsideration in the district court pursuant to Federal Rule of Civil Procedure 59(e) on August 23, 2012. The district court denied the motion for reconsideration on August 27, 2012. Tze Wung Consultants filed its appeal to this Court on September 20, 2012, 51 days after the district court entered judgment affirming the ruling of the bankruptcy court.[4] In December 2012, Bank of Baroda filed a motion to consolidate the appeals. In February 2013, this Court ordered that the appeals be heard in tandem, and we directed Tze Wung Consultants and Bank of Baroda to

---

[4] The notice of appeal filed on September 20, 2012, was defective; it was corrected on September 27, 2012.

brief whether this Court has jurisdiction over Tze Wung Consultants' appeal given its untimeliness. *See Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

## DISCUSSION

Federal Rule of Appellate Procedure 6 sets forth procedures to be followed in appeals in bankruptcy cases from a final judgment of a district court or bankruptcy appellate panel. Rule 6(b), applicable here, discusses procedures for appeals from the district court or a bankruptcy appellate panel exercising appellate jurisdiction.[5] Rule 6(b)(1) specifies that the Federal Rules of Appellate Procedure "apply to an appeal to a court of appeals under 28 U.S.C. § 158(d) from a final judgment, order, or decree of a district court or bankruptcy appellate

---

[5] This case does not concern, and we do not address, Rule 6(a), involving appeals taken from a judgment of a district court exercising original jurisdiction in a bankruptcy case pursuant to 28 U.S.C. § 1334.

10

panel exercising appellate jurisdiction under 28 U.S.C. § 158(a) or (b)" with some

exceptions not applicable here.[6]

One of the Federal Rules of Appellate Procedure made applicable here

pursuant to Rule 6(b)(1) is Rule 4(a)(1), which governs the timing of appeals in a

civil case. Rule 4(a)(1)(A) specifies that "except as provided in Rules 4(a)(1)(B),

4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the

district clerk within 30 days after entry of the judgment or order appealed from."

Rule 4(a)(1)(A) is codified at 28 U.S.C. § 2107(a). Because Rule 6(b)(1)

incorporates Rule 4(a)(1)(A), a party appealing from a final judgment, order, or

decree of a district court or bankruptcy appellate panel to a court of appeals has

30 days to appeal from entry of the order or judgment. *See Local Union No. 38,*

*Sheet Metal Workers' Int'l Ass'n v. Custom Air Sys., Inc.*, 333 F.3d 345, 346-47 (2d

Cir. 2003) (applying the Rule 4(a) 30-day time limit to an appeal from a district

---

[6] One of these exceptions is germane to this case: although the time to file most civil appeals does not begin to run during the pendency of a Rule 59 motion, *see* Fed. R. App. P. 4(a)(4)(A)(iv), this rule is explicitly excepted from applicability in the case of an appeal taken from the order of a district court exercising appellate jurisdiction in a bankruptcy case, *see* Fed. R. App. P. 6(b)(1)(A). Thus, the relevant period within which to file an appeal runs from the entry of the judgment, not from the decision on the motion for reconsideration.

court's appellate judgment in a bankruptcy case). This requirement is mandatory: if an opposing party properly objects to the untimeliness of the appeal, a court must apply the time limitation and dismiss the appeal. *See United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008).

The question relevant to this case is whether, in the absence of an objection, an untimely notice of appeal from the judgment of a district court or bankruptcy appellate panel exercising appellate jurisdiction deprives a court of appeals of jurisdiction: i.e., whether Rule 6(b)(1) is a jurisdictional rule or merely a nonjurisdictional "claim-processing" rule.

I.

Over the last ten years, the Supreme Court has clarified the difference between jurisdictional and nonjurisdictional, claim-processing rules. In *Kontrick v. Ryan*, 540 U.S. 443 (2004), a debtor objected to the timeliness of a creditor's amended complaint and argued that its lateness deprived the court of jurisdiction. *Id.* at 449-51. After examining Federal Rules of Bankruptcy Procedure 4004 and 9006(b)(3), which prescribe the time limits under which the creditor must file a complaint and applicable extension procedures, the Supreme

Court disagreed and concluded that these rules are not jurisdictional. The Court stated that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction," *id.* at 452, and held that Bankruptcy Rules prescribed by the Court for cases pursuant to Title 11 do not extend or limit subject matter jurisdiction, *see id.* at 454. Rather, they are "claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate." *Id.* Because Rules 4004 and 9006(b) are nonjurisdictional claim processing rules, the Court concluded, the debtor in *Kontrick* "forfeited his right to assert the untimeliness of [the creditor's] amended complaint by failing to raise the issue until after that complaint was adjudicated on the merits." *Id.* at 458.[7]

The Court continued its consideration of jurisdictional rules in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), and concluded that Title VII's employee-numerosity threshold[8] was an element of a Title VII claim, not a jurisdictional

---

[7] Objections based on nonjurisdictional claim-processing rules may be waived or forfeited, while a jurisdictional issue can be raised at any time throughout the proceedings. *See Kontrick*, 540 U.S. at 456.

[8] As relevant here, the statute defines "employer" for purposes of Title VII to include only businesses with fifteen or more employees for a certain portion of the present or preceding calendar year. *See* 42 U.S.C. § 2000e(b).

requirement.  Importantly, the Court noted, the numerosity requirement is located in a subsection of Title VII that defines particular terms, and is separate from 42 U.S.C. § 2000e-5(f)(3), Title VII's jurisdiction-granting section.  The Court again deferred to Congress's role in creating jurisdictional rules:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Arbaugh*, 546 U.S. at 515-16 (citation and footnote omitted).

In *Bowles v. Russell*, 551 U.S. 205 (2007), the Court concluded that a *statutory* time limit on an appellate filing *was* jurisdictional.  Under Federal Rule of Appellate Procedure 4(a)(1)(A), codified at 28 U.S.C. § 2107(a), Bowles had 30 days to file a notice of appeal.  551 U.S. at 207.  Bowles failed to appeal within the time limit; he subsequently moved to reopen the period to file an appeal as set forth in Rule 4(a)(6), codified at 28 U.S.C. § 2107(c), which allows a fourteen-day extension from the day the district court grants an order to reopen the period.  *Bowles*, 551 U.S. at 207.  The district court "inexplicably" granted Bowles

14

seventeen days to file the appeal, and Bowles filed on the sixteenth day; he thus filed outside of the fourteen-day window permitted by § 2107(c). The respondent promptly objected, and the Court of Appeals dismissed the case for lack of subject matter jurisdiction.

The Supreme Court affirmed, stating that the "taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles*, 551 U.S. at 209. It clarified the scope of its prior cases in this area and announced that they did not "call[] into question our longstanding treatment of statutory time limits for taking an appeal as jurisdictional. Indeed, those decisions . . . recognized the jurisdictional significance of the fact that a time limitation is set forth in a statute." *Id.* at 210. The Court again noted the important "jurisdictional distinction between court-promulgated rules and limits enacted by Congress," and it concluded that the statutorily prescribed time limit set out in Rule 4(a)(6), as codified at 28 U.S.C. § 2107(c), is jurisdictional. *Id.* at 211-12.[9]

_____

[9] The scope of *Bowles* has since been clarified. In *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), the Court concluded that 17 U.S.C. § 411(a), the Copyright Act's registration requirement – which serves as a precondition to filing a copyright infringement claim – is not jurisdictional. The Court made clear that *Bowles* did not "hold that all statutory conditions imposing a time limit should be considered jurisdictional." *Id.* at 167. Rather,

Most recently, in *Sebelius v. Auburn Regional Medical Center*, 133 S. Ct. 817 (2013), the Court held that the Medicare provision setting a 180-day time limit for filing appeals to a review board was not jurisdictional. The Court iterated a "readily administrable bright line" to parsing jurisdictional and nonjurisdictional statutory limitations: "We inquire whether Congress has clearly stated that the rule is jurisdictional; absent such a clear statement, . . . courts should treat the restriction as nonjurisdictional in character." *Id.* at 824 (internal quotation marks and alteration omitted). The Court noted the importance of considering "context, including this Court's interpretations of similar provisions in many years past, as probative of whether Congress intended a particular provision to rank as jurisdictional." *Id.* (internal quotation marks omitted).

---

"[t]he statutory limitation in *Bowles* was of a type that we had long held *did* 'speak in jurisdictional terms' even absent a 'jurisdictional' label, and nothing about § 2107's text or context, or the historical treatment of that type of limitation, justified a departure from this view." *Id.* at 168.

In *Henderson ex rel. Henderson v. Shinseki*, the Court, along similar lines, held that the 120-day time limit for filing an appeal to the Veterans Court under 38 U.S.C. § 7266(a) was a nonjurisdictional claim-processing rule. Again, the Court clarified that "*Bowles* did not hold categorically that every deadline for seeking judicial review in civil litigation is jurisdictional," but emphasized the importance of examining the scheme Congress created for review of the claims at issue. *Henderson*, 131 S. Ct. at 1203-05.

II.

Though we have not before examined Federal Rule of Appellate Procedure 6(b)(1) for its jurisdictional effect, we conclude that it is nonjurisdictional pursuant to the Supreme Court's guidance in this area. The Federal Rules of Appellate Procedure are promulgated and amended by the Supreme Court, and further amended by Acts of Congress. *See* 28 U.S.C. § 2072(a) ("The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts . . . and courts of appeals."); H. Comm. on the Judiciary, 112th Cong., Federal Rules of Appellate Procedure (Comm. Print 2013). Some rules of appellate procedure, like Rule 4(a)(1), are codified by statute. *See* 28 U.S.C. § 2107(a). Rule 6(b)(1), however, is not codified. Supreme Court precedent has made clear that classifying a statutory limitation as jurisdictional requires a clear statement from Congress; thus, because Rule 6(b)(1) is nonstatutory, we cannot conclude that Congress clearly intended the courts to treat its application as jurisdictional.

Nor does Rule 6(b)(1)'s reference to Rule 4(a)(1) render the time limit jurisdictional. In appeals from civil cases, Federal Rule of Appellate Procedure 4(a)(1), codified at 28 U.S.C. § 2107(a), is a jurisdictional rule circumscribing a court of appeals' jurisdiction to the 30-day time period after entry of judgment. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *In re Am. Safety Indem. Co.*, 502 F.3d 70, 72 (2d Cir. 2007) (quoting *Bowles*, 551 U.S. at 214) (alteration in *Am. Safety Indem. Co.*). But unlike a civil case directly governed by Rule 4(a)(1), this appeal is from a district court's final judgment as an appellate body in a bankruptcy case, governed by Rule 6(b)(1). Though 28 U.S.C. § 2107 may codify Rule 4(a)(1)'s requirements for civil cases, such statutory limitations *expressly* do not apply to bankruptcy cases: 28 U.S.C. § 2107(d) states: "[t]his section shall not apply to bankruptcy matters or other proceedings under Title 11." Congress excepted bankruptcy appeals from the normal statutory requirements for civil litigants filing appeals to courts of appeals. Conversely, where Congress has acted statutorily to limit jurisdiction in bankruptcy cases, it has done so explicitly, as discussed below.

18

Rule 6(b)(1)'s incorporation of the Rule 4(a)(1) time limit makes that time limit *mandatory*, in that an objection will require courts to dismiss the appeal, but that time limit is not jurisdictional. *See, e.g.*, *Eberhart v. United States*, 546 U.S. 12, 18 (2005) (clarifying that when nonjurisdictional rules of court use emphatic time prescriptions, an objection from the opposing party mandates a court of appeals to dismiss the untimely appeal). Accordingly, a court of appeals is not deprived of jurisdiction over untimely, unobjected-to appeals from bankruptcy appellate panels or district courts exercising appellate jurisdiction.

### III.

Our decision in *In re Siemon*, 421 F.3d 167 (2d Cir. 2005) (per curiam), construing Federal Rule of Bankruptcy Procedure 8002(a) – codified at 28 U.S.C. § 158(c)(2) – is not to the contrary. Section 158(c)(2) provides that appeals to the district court from bankruptcy courts "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." In *Siemon*, our Court examined an untimely appeal from the bankruptcy court to

the district court – past fourteen days after judgment, as prescribed by Rule 8002 – and concluded that the district court was without jurisdiction to consider such appeals. 421 F.3d at 169 (holding that the time limit prescribed by Rule 8002(a) is jurisdictional and that "in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal"); *see also In re B.A.R. Entm't Mgmt., Inc.*, 414 F. App'x 310, 310 (2d Cir. 2010) (summary order) (citing *Siemon*, 421 F.3d at 169). This ruling is consistent with those rulings of other circuits to have examined the issue. *See, e.g., In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007) ("Generally, a party to a bankruptcy action must file a notice of appeal within ten days after entry of the order being appealed. The timely appeal requirement is jurisdictional." (citing Fed. R. Bankr. P. 8002(a); *Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999) (internal citation omitted)).[10]

The Tenth Circuit recently faced the issue of an untimely appeal of a bankruptcy case to a district court and clarified why district courts lack subject matter jurisdiction over these untimely appeals:

---

[10] *See In re Vasquez Laboy*, 647 F.3d 367, 373 n.9 (1st Cir. 2011) ("Rule 8002(a) imposed a ten-day time limit for appeals until 2009, when the limit was increased to fourteen days.").

Congress did explicitly include a timeliness condition in 28 U.S.C. § 158(c)(2) – the requirement that a notice of appeal be filed within the time provided by Rule 8002(a). Furthermore, the timeliness requirement contained in Section 158(c)(2) is located in the same section granting the district courts and bankruptcy appellate courts jurisdiction to hear appeals from bankruptcy courts – Section 158(a)-(b).

. . . . It is true that bankruptcy rules *alone* cannot create or withdraw jurisdiction. Here, however, it is Section 158(c)(2) that is determining jurisdiction by incorporating the time limits prescribed in Rule 8002(a).

*In re Latture*, 605 F.3d 830, 837 (10th Cir. 2010); *see also In re Caterbone*, 640 F.3d 108, 112 (3d Cir. 2011) ("[E]ven though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable.").

Unlike the reference to time limits specified in § 158(c)(2), 28 U.S.C. § 158(d)(1) – which confers jurisdiction to courts of appeals over final decisions, judgments, and orders of district courts acting as appellate courts over bankruptcy decisions – makes no reference to any timeliness requirement. The only rule referencing circuit court appellate procedures and placing time limits

21

on the appeal of bankruptcy cases from district courts and bankruptcy appellate panels is Rule 6(b)(1), a *judge-created* rule. Though time limits are prescribed by statute for appeals from civil cases, and though time limits are prescribed by statute for appeals to district courts acting as appellate courts over bankruptcy matters, there is no statutory requirement mandating time limits for appeals to circuit courts of bankruptcy cases from intermediate appellate courts.[11] Absent clear direction from Congress imposing a jurisdictional limitation, and consistent with precedent from the Supreme Court, we hold that Rule 6(b)(1) is a nonjurisdictional, claim-processing rule.[12]

---

[11] To be sure, the fact that Rule 6(b)(1) is a nonjurisdictional rule does not mean that courts of appeals *must* necessarily accept an untimely-filed, unobjected-to appeal. We need not, and so do not, address this question. *Cf. Frias*, 521 F.3d at 234 n.5 ("We need not decide whether a court may, in its discretion, dismiss *sua sponte* an untimely appeal even when the government fails to invoke Rule 4(b).").

[12] Our decision in *In re WorldCom, Inc.*, 708 F.3d 327 (2d Cir. 2013), is also not contrary to our decision today. In *WorldCom*, we considered whether the district court properly granted relief under Federal Rule of Appellate Procedure 4(a)(6) in reopening the time to file an appeal in a bankruptcy matter where the failure to timely file the appeal was due to the failure of the appellant's attorney to provide an updated email address. We concluded that the district court should not have exercised its discretion under Rule 4(a)(6) to extend the time for the appellant to file an appeal, given that its "failure to receive . . . notice was entirely and indefensibly a problem of its counsel's making." *Id.* at 340.

Although the opinion in *WorldCom* begins by quoting the Supreme Court admonishment from *Bowles v. Russell* that "[t]he taking of an appeal within the prescribed time is mandatory and jurisdictional," *id.* at 329 & n.1, the case was not decided on

*** 

In light of our holding, we need not reach Tze Wung Consultants'
argument that its self-styled motion for reconsideration under Rule 59(e) was
actually a motion for rehearing under Rule 8015; either way, the appeal to this
Court was untimely. Moreover, we note that Tze Wung Consultants filed the
motion 23 days after the entry of judgment by the district court, outside Rule
8015's fourteen-day window. *See* Fed. R. Bankr. P. 8015.

We also do not reach Tze Wung Consultants' argument that the doctrine of
unique circumstances applies. Such an argument is moot insofar as we hold that
Appellant's untimely filing only violates a nonjurisdictional rule, and that Bank
of Baroda failed to object. Moreover, the doctrine of unique circumstances would

---

jurisdictional grounds. Thus, its opening language is *dicta*, and we are not bound by it. *See, e.g.*, *Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 243 (2d Cir. 2011) (ruling that a statement that is "not essential to the . . . holding" is non-binding *dicta); see also Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 363 (2006) ("[W]e are not bound to follow our dicta in a prior case in which the point now at issue was not fully debated."). Ultimately, *WorldCom* held that the district court abused its discretion for providing relief where the failure to file timely was caused by counsel's negligence; it did not hold that all untimely appeals to a court of appeals are outside of this Court's subject matter jurisdiction.

not save Tze Wung Consultants' appeal if Rule 6(b)(1) were jurisdictional. *See Bowles*, 551 U.S. at 213-14 (concluding that the doctrine of unique circumstances cannot authorize an exception to a jurisdictional rule).

## CONCLUSION

We conclude that Rule 6(b)(1) is a nonjurisdictional rule. Where an opposing party fails to object to an untimely appeal to a court of appeals from a bankruptcy appellate panel or district court exercising appellate jurisdiction, the opposing party forfeits the objection, and this Court has jurisdiction over the untimely appeal. Bank of Baroda did not object to Tze Wung Consultants' untimely appeal below or in its request for consolidation of appeals to this Court; it therefore waived its objection to the nonjurisdictional rule violation. Accordingly, this Court has jurisdiction over Tze Wung Consultants' appeal, which we permit to proceed.