In re: Soundview Elite Ltd. (Fletcher v. Harrington)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fifteen.

PRESENT:
ROSEMARY S. POOLER,
ROBERT D. SACK,
CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

---

In re: Soundview Elite Ltd.,

            *Debtor*,

---

Alphonse Fletcher, Jr., George E. Ladner,

            *Appellants*,
     v.                                                             14-1642

William K. Harrington, Peter Anderson, as
the Joint Official Liquidators of the
Limited Debtors, Matthew Wright, as the
Joint Official Liquidators of the Limited
Debtors, Pasig Ltd.,

            *Appellees*.

---

**FOR APPELLANT FLETCHER:**          Alphonse Fletcher, Jr., pro se, San Francisco, CA.

| FOR APPELLANT LADNER: | George Evan Ladner, Director, pro se, Davidson, NC. |
|---|---|
| FOR APPELLEE HARRINGTON: | Ramona D. Elliott, Deputy Director/General Counsel, P. Matthew Sutko, Associate General Counsel, Noah M. Schottenstein, Trial Attorney, Department of Justice, Executive Office for United States Trustees, Washington, DC, William K. Harrington, United States Trustee for Region 2, Linda A. Riffkin, Assistant United States Trustee, Richard Morrissey and Andrew Velez-Rivera, Trial Attorneys, Department of Justice, Office of the United States Trustee, New York, NY. |
| FOR APPELLEES ANDERSON AND WRIGHT: | Gary S. Lee, Esq., Morrison & Foerster LLP, New York, NY. |
| FOR APPELLEE PASIG: | No appearance. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Alphonse Fletcher, Jr., and George E. Ladner, pro se, appeal from the district court's judgment dismissing as untimely their appeal from an order of the United States Bankruptcy Court for the Southern District of New York. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When reviewing a district court's determination of its subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *McCarthy v. Navistar Fin. Corp. (In re Vogel Van & Storage, Inc.)*, 59 F.3d 9, 11 (2d Cir. 1995). An appeal to the district court from an order of the bankruptcy court must be made within fourteen days. 28 U.S.C. § 158(c)(2); Fed. R. Bankr. P. 8002(a)(1). The time for electronic filing ends at midnight in the

court's time zone. Fed. R. Bankr. P. 9006(a)(4)(A). The time limitations in Rule 8002(a) are jurisdictional and mandatory. *Tze Wung Consultants, Ltd. v. Bank of Baroda (In re Indu Craft, Inc.)*, 749 F.3d 107, 115 (2d Cir. 2014).

Even if we considered all of appellants' arguments, and even if we generously construed appellants' email as a motion for an extension, the appeal from the Bankruptcy Court was properly dismissed for lack of jurisdiction because appellants did not show excusable neglect. Appellants' failure to follow a clear filing deadline as a result of unfamiliarity with federal procedure does not constitute excusable neglect. *See United States v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994). Appellants also argue that opposing counsel did not act in good faith, but opposing counsel had no obligation to inform appellants of the deadline for a request for an extension during the parties' February 25, 2014 hearing before the Bankruptcy Court.

We have considered appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3