19-3828-bk
In Re: Buckskin Realty, Inc.

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-one.

PRESENT:  RAYMOND J. LOHIER, JR.,
                    STEVEN J. MENASHI,
                            *Circuit Judges*,
                    ERIC KOMITEE,
                            *Judge*.\*

------------------------------------------------------------------

IN RE: BUCKSKIN REALTY, INC.,

                    *Debtor*.

------------------------------------------------------------------

BUCKSKIN REALTY, INC.,

                    *Plaintiff-Appellant*,

---

\* Judge Eric Komitee, of the United States District Court for the Eastern District of New York, sitting by designation.

v.　　　　　　　　　　　　　　　　　　　No. 19-3828-bk

MARK D. GREENBERG, GREENBERG &
GREENBERG,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:　　　　　FREDERICK CAINS, New York,
　　　　　　　　　　　　　　　　　　　NY

FOR DEFENDANTS-APPELLEES:　　　A. MICHAEL FURMAN (Shari
　　　　　　　　　　　　　　　　　Sckolnick, *on the brief*), Furman
　　　　　　　　　　　　　　　　　Kornfeld & Brennan LLP, New
　　　　　　　　　　　　　　　　　York, NY

Appeal from judgments of the United States District Court for the Eastern

District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgments of the District Court are AFFIRMED.

Buckskin Realty, Inc. appeals from a September 30, 2019 order and

November 6, 2019 judgments of the District Court (Block, J.) affirming orders of

the United States Bankruptcy Court for the Eastern District of New York (Lord,

B.J.). The Bankruptcy Court orders at issue denied Buckskin's second motion for

reconsideration and its motion to amend the complaint, which claimed that the

Defendants-Appellees, a lawyer and his law firm, committed legal malpractice while representing Buckskin in a foreclosure action. Buckskin also challenges the District Court's conclusion that it did not have jurisdiction to review the Bankruptcy Court's order dismissing the complaint because Buckskin's appeal from that order was untimely. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

Buckskin first contends that the proceeding in which the Bankruptcy Court dismissed the complaint was not a core proceeding. Because it never consented to the Bankruptcy Court's final adjudicatory authority over a non-core proceeding, Buckskin argues, the District Court was required to treat the Bankruptcy Court's dismissal order as proposed findings of fact and conclusions of law subject to approval by the District Court. See Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1942, 1948 (2015). But Buckskin forfeited its objection to the Bankruptcy Court's authority. Not only did Buckskin file its complaint in the Bankruptcy Court, but it also failed to object to the dismissal order's express characterization of this case as a core proceeding when it moved for leave to

3

amend and twice moved for reconsideration. See id. at 1949; Stern v. Marshall, 564 U.S. 462, 482 (2011) (noting that if a litigant "believed that the Bankruptcy Court lacked the authority to decide his claim ..., then he should have said so— and said so promptly" because such an objection "may be forfeited"); Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006).

Buckskin next challenges the District Court's conclusion that the appeal from the Bankruptcy Court's dismissal order is untimely because Buckskin did not file a notice of appeal until more than a year after that order was issued. Instead, Buckskin filed the notice of appeal within fourteen days of the Bankruptcy Court's denial of its second motion for reconsideration. Buckskin contends that its appeal was timely because Rule 8002(b)(1) of the Federal Rules of Bankruptcy Procedure allows a party to file a notice of appeal within fourteen days of the order disposing of the last motion to reconsider an order or judgment. This argument conflicts with our decision in Glinka v. Maytag Corp., 90 F.3d 72, 74 (2d Cir. 1996), which involved a materially identical provision in the Federal Rules of Appellate Procedure, and in which we held that successive motions for reconsideration do not toll the time to appeal. We have applied this

rule in the bankruptcy context, albeit in a case applying the Federal Rules of Appellate Procedure. See, e.g., In re Bethlehem Steel Corp., 144 F. App'x 167, 168 (2d Cir. 2005).

Buckskin also submits that the District Court erred because its ruling about untimeliness of the appeal came without notice and was not raised by the Defendants-Appellees. But Rule 8002's deadlines, which are incorporated by statute, are jurisdictional. See 28 U.S.C. § 158(c)(2); In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005); see also In re Indu Craft, Inc., 749 F.3d 107, 114–15 (2d Cir. 2014). It is well-established that a court may raise jurisdictional issues sua sponte. See Transatl. Marine Claims Gency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 107 (2d Cir. 1997).[1] Indeed, the Supreme Court has stated that "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

---

[1] We note that spontaneous rulings on jurisdictional issues are "to be avoided," but because an "opportunity to develop the record" or make legal arguments could not have altered our conclusion here, the District Court's failure to give notice does not require remand. Digitel, Inc. v. MCI Worldcom, Inc., 239 F.3d 187, 190 n.2 (2d Cir. 2001).

Finally, there is no dispute that Buckskin timely appealed from the Bankruptcy Court's orders denying its second motion for reconsideration and its motion for leave to amend the complaint. But we affirm the District Court's resolution of those appeals.

First, Buckskin abandoned any challenge to the District Court's decision relating to the denial of the second motion for reconsideration. See Norton's v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Second, the Bankruptcy Court did not err in denying Buckskin's motion to amend the complaint. Under Federal Rule of Civil Procedure 15(a)(2), a court ordinarily should "freely give" a plaintiff leave to amend the complaint "when justice so requires." But where "a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." Williams v. Citigroup, Inc., 659 F.3d 208, 213 (2d Cir. 2011); see Janese v. Fay, 692 F.3d 221, 229 (2d Cir. 2012) ("[A]mendment of a complaint becomes significantly more difficult when a plaintiff waits . . . until after judgment has been entered."). Moreover, "a party seeking to file an

6

amended complaint postjudgment must first have the judgment vacated or set aside." Williams, 659 F.3d at 213 (alterations omitted). "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 245 (2d Cir. 1991) (quoting 6C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1489 (3d ed. 1990)). We need not rely on the heightened standards applicable to postjudgment motions for leave to amend, however, because Buckskin's proposed amendment failed to address the infirmities identified in the Bankruptcy Court's orders and is therefore futile under any standard. See Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2008) ("Leave to amend may be denied for good reason, including futility." (quotation marks omitted)).

We have considered Buckskin's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgments of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court