23-7462-bk
In Re: Ditech Holding Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> *Circuit Judges*,
> PAUL A. ENGELMAYER,
> *District Judge*.[*]

_____

In Re: Ditech Holding Corporation,

*Debtor.*

*****************************          **23-7462**

James Lapinski, Patricia Lapinski,

---

[*] Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

*Appellants,*

v.

**Green Tree Servicing Corp., D. R. Horton, Inc., with Alexandria Pointe Homeowners Association, Federal National Mortgage Association, Consumer Claims Trustee,**

*Appellees,*

**Ditech Holding Corporation,**

*Debtor-Appellee.*

_____

| | |
|---|---|
| **FOR APPELLANTS:** | James Lapinski, *pro se*, Port Orange, FL.; Patricia Lapinski, *pro se*, Burke, VA. |
| **FOR APPELLEE CONSUMER CLAIMS TRUSTEE:** | Richard Levin, Jenner & Block LLP, New York, NY. |
| **FOR APPELLEE FEDERAL NATIONAL MORTGAGE ASSOCIATION:** | Brian P. Scibetta, McCalla Raymer Leibert Pierce, LLC, New York, NY. |
| **FOR APPELLEE D. R. HORTON, INC., WITH ALEXANDRIA POINTE HOMEOWNERS ASSOCIATION:** | Mandeep Kaur, Wood Smith Henning & Berman, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern

District of New York (Lorna G. Schofield, *District Judge*), affirming an order of the Bankruptcy Court (James L. Garrity, Jr., *Bankruptcy Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as untimely.

Concluding that *pro se* bankruptcy claimants James and Patricia Lapinski had filed their claims many months after the deadline to do so had passed, the district court affirmed the bankruptcy court order that disallowed their claims and closed their appeal. *See generally In re Ditech Holding Corp.*, No. 22 Civ. 9127 (LGS), 2023 WL 5835817 (S.D.N.Y. Sept. 8, 2023). The district court then entered judgment on September 11, 2023.

The Lapinskis' *pro se* notice of appeal was filed 35 days later, beyond the 30 days allowed by the rules. *See* Fed. R. App. P. 4(a)(1), 6(b)(1); *see also Gibson v. City Mun. of N.Y.*, 692 F.3d 198, 201 n.3 (2d Cir. 2012) (per curiam) ("[P]apers are generally deemed filed on the date they are received by a court . . . ."). Appellees D. R. Horton, Inc., Federal National Mortgage Association, and Consumer Claims Trustee now invoke this mandatory (but non-jurisdictional) deadline, urging us to dismiss the appeal as untimely. *See In re Indu Craft, Inc.*, 749 F.3d 107, 114 (2d Cir. 2014).

We agree that the appeal must be dismissed as untimely. Contrary to the Lapinskis' arguments, they are not afforded additional time simply because they are *pro se*. *See Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021) ("[S]olicitude for *pro se* litigants does not require us to excuse failure to comply with understandable procedural rules and mandatory deadlines."). Accordingly, we **DISMISS** this appeal. The Lapinskis' motion to add the State of Florida as an appellee (Dkt. 19) is denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court